**XIU NA CHEN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

No. 06–1672–ag.

United States Court of Appeals,
Second Circuit.

June 26, 2007.

Liu Yu, New York, NY, for Petitioner.

Robert Clark Corrente, United States Attorney for the District of Rhode Island, Anthony C. DiGioia, Assistant United States Attorney, Providence Rhode Island, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Na Chen, a native and citizen of the People's Republic of China, seeks review of a March 31, 2006 order of the BIA affirming the September 27, 2004 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying petitioner's application for asylum, withholding of removal, and CAT relief. *In re Xiu Na Chen*, No. A 79 814 626 (B.I.A. Mar. 31, 2006), *aff'g* No. A 79 814 626 (Immig. Ct. N.Y. City Sept. 27, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly adopt the IJ's decision, but closely tracks the IJ's reasoning in briefly affirming the IJ's decision, the Court may consider both the IJ's and the BIA's decisions for the sake of completeness, if doing so does not affect the Court's ultimate conclusion. *Wangchuck v. DHS*, 448 F.3d 524,

528 (2d Cir.2006). Despite Chen's failure to make any substantial arguments before the BIA, the BIA considered the majority of the IJ's subsidiary findings upon which she relied for her adverse credibility determination. *See Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1993). We conclude that those findings considered by the BIA constitute substantial evidence supporting the IJ's adverse credibility determination.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

As a preliminary matter, we find the record of Chen's credible fear interview to be reliable, and we note that Chen's counsel does not argue otherwise. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004). In reaching her adverse credibility determination, the IJ relied upon two inconsistencies between statements in Chen's credible fear interview and her testimony. First, in her credible fear interview Chen denied having been arrested, whereas in her subsequent testimony, she stated that she had been been arrested by Chinese officials. Chen accounted for the discrepancy by saying that she had not understood the difference between an arrest and a detention; at the time of her credible fear interview she thought she had only been detained, but

she later learned that it could be deemed an arrest.

Second, the IJ noted that during her credible fear interview Chen said she did not know Wang's official position, but she testified at her hearing before the IJ that Wang was the city personnel department director. Wang is the father of the man to whom Chen was allegedly betrothed. Chen accounted for this inconsistency by claiming that she did not listen to her father while in China.

Because Chen was represented by counsel at her credible fear interview and in light of the allegedly close relationship between Chen's father and Wang, we do not find that a reasonable factfinder would have been compelled to credit Chen's explanation for these inconsistencies and hold that her testimony was credible. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Finally, the IJ found that Chen failed to corroborate her claim that she practiced Falun Gong in the United States. Because Chen's credibility had already been called into question by the inconsistencies noted above, it was reasonable for the IJ to find that Chen's credibility could not be rehabilitated in light of her inability to corroborate her Falun Gong practice. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Chen's argument that she was entitled to notice of the need for corroboration is unconvincing because asylum applicants are always expected to provide any reasonably available corroboration of their claims. *See Matter of Dass*, 20 I. & N. Dec. 120, 124–25 (BIA 1989).

■ Accordingly, we find that the IJ's adverse credibility determination was supported by substantial evidence. Therefore, we deny the petition for review as to Chen's asylum claim. Because Chen failed to argue her claims for withholding of removal and CAT relief before the BIA, the Court lacks jurisdiction to review them now. *See* 8 U.S.C. § 1252(d)(1) (requiring applicants to exhaust their administrative remedies for claims for relief); *cf. Waldron*, 17 F.3d at 515 n. 7.

For the foregoing reasons, the petition for review is DENIED as to Chen's asylum claim, and DISMISSED as to Chen's claims for withholding of removal and CAT relief. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).